# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHATMAN, CDCR #BD-5474,<br><br>Plaintiff,<br><br>vs.<br><br>McLAREN & LEXUS, in Beverly Hills, et al.,<br><br>Defendants. | Case No.: 3:18-cv-01165-MMA-WVG<br><br>**ORDER:**<br><br>**1) DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND TO APPOINT COUNSEL AS BARRED BY 28 U.S.C. § 1915(g)**<br><br>**[Doc. Nos. 2, 3]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

ERIC CHATMAN ("Plaintiff"), currently incarcerated at Salinas Valley State Prison in Soledad, California, and proceeding *pro se*, has filed a thirteen-page Complaint in this Court alleging personal injury, general negligence, intentional tort, products and premises liability, and wrongful death claims on a form provided by the Judicial Council of California, and against a host of luxury car dealerships, department stores, hotels,

1

businesses, banks, airlines, and even an "empty lot by [the] fr[ee]w[a]y," in Los Angeles, El Segundo, San Diego, and Escondido, California. *See* Compl., Doc. No. 1. Plaintiff claims these businesses "treated [him] … cruel[ly]" by "thr[owing] him out," even though he was "willing to pay the[ir] high prices." *Id.* at 6-7.

Plaintiff did not pay the civil filing fee required by 28 U.S.C. § 1914(a) at the time he filed his Complaint; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2), together with a Motion to Appoint Counsel (Doc. No. 3). He has since filed a letter addressed to the Court "for exhibit," in which he attests he "cannot lie," and expresses his thanks. *See* Doc. No. 5 at 1. Plaintiff's letter was accepted for filing in light of his pro se status, and despite Local Civil Rule 83.9, which clearly prohibits such ex parte communications. *See* Doc. No. 4.

## I. Motion to Proceed IFP

### A. <u>Standard of Review</u>

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

///

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B. <u>Application to Plaintiff</u>

The Court has reviewed Plaintiff's Complaint, his Motion to Appoint Counsel, and his letter, and concludes none of these pleadings contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing."

*Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as described above, Plaintiff's seeks to file a "huge lawsuit" against dozens of businesses in San Diego and Los Angeles County for having treated him cruelly and making him feel "like trash" on unspecified occasions "around" 2016 or 2017, despite the fact that he "was a hero for all Americans," and before he was incarcerated. *See* Compl., Doc. No. 1 at 5, 6-7, 9; *see also In re Gonzalez*, 2008 WL 666465 at *2-3 (N.D. Cal. March 6, 2008) (finding prisoner with a "delusional tale" of having a "special genetic structure," and being "irradiated … by radioactive smoke" by "government scientists," did not plausibly allege "imminent danger of serious physical injury."); *Holz v. McFadden*, 2010 WL 3069745 at *3 (C.D. Cal. May 21, 2010) (finding "imminent danger" exception to § 1915(g) inapplicable where prisoner implausibly claimed the FBI and BOP were "going to kill him."); *Sierra v. Woodford*, 2010 WL 1657493 at *3 (E.D. Cal. April 23, 2010) (finding "long, narrative, rambling statements regarding a cycle of violence, and vague references to motives to harm" insufficient to show Plaintiff faced an "ongoing danger" as required by *Cervantes*).

If this were not enough, Plaintiff fails to plead any basis for federal subject matter jurisdiction, and his suit is patently frivolous. *See* 28 U.S.C. § 1915A(b)(1) (requiring sua sponte dismissal of prisoner complaints, or any portions of them, which are "frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted."); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (internal citation omitted). *O'Loughlin v. Doe,* 920 F.2d 614, 617 (9th Cir. 1990) (a complaint "is frivolous if it has no arguable basis in fact or law.").

And while Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff, Eric Chatman, identified as CDCR Inmate #BD-5474, has had four prior prisoner civil actions dismissed in this district alone on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

1) *Chatman v. Toyota of Escondido, et al.*, Civil Case No. 3:17-cv-01853-BAS-JLB (S.D. Cal. Nov. 8, 2017) (Order Granting Motion to Proceed IFP and Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without leave to amend) (Doc. No. 18) ("strike one");

2) *Chatman v. Cush Acura, et al.*, Civil Case No. 3:17-cv-01852-WQH-JLB (S.D. Cal. Nov. 21, 2017) (Order Granting Motion to Proceed IFP and Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without leave to amend) (Doc. No. 20) ("strike two");

3) *Chatman v. Super 8 Motel, et al.*, Civil Case No. 3:17-cv-02517-DMS-JMA (S.D. Cal. Feb. 15, 2018) (Order Denying Motion to Proceed IFP and Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without leave to amend) (Doc. No. 6) ("strike three"); and

4) *Chatman v. Super 8 Motel Co., et al.*, Civil Case No. 3:18-cv-00213-BAS-NLS (S.D. Cal. Feb. 20, 2018) (Order Granting Motion to Proceed IFP and Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and

without leave to amend) (Doc. No. 6) ("strike four").

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a plausible allegation that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II.  Motion to Appoint Counsel

In addition, Plaintiff has filed a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1) (Doc. No. 3). However, a motion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) necessarily depends upon Plaintiff's ability to proceed IFP. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). It requires that Plaintiff has been determined eligible to proceed pursuant to the IFP statute due to indigence, is within "the sound discretion of the trial court[,] and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Because Plaintiff has failed to allege the presence of exceptional circumstances here, and is not entitled to proceed IFP pursuant to 28 U.S.C. § 1915(g) in this case, he is also not entitled to the appointment of counsel under § 1915(e)(1).

## III.  Conclusion and Orders

For the reasons set forth above, the Court:

1) **DENIES** Plaintiff's Motions to Proceed IFP (Doc. No. 2) and his Motion to Appoint Counsel (Doc. No. 3) as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this action without prejudice based on Plaintiff's failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4) **DIRECTS** the Clerk of Court to close the file.[1]

**IT IS SO ORDERED**.

DATE: July 2, 2018

HON. MICHAEL M. ANELLO
United States District Judge

---

[1] While the Court has previously accepted Plaintiff's letter for filing despite his failure to comply with the Court's Local Rules, he is hereby cautioned that S.D. Cal. Local Civil Rule 83.9 provides that "attorneys or parties to any action must refrain from writing letters to the judge," and that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, any additional letter he attempts to file in this matter will be summarily rejected based on Local Rule 83.9, and because this Order terminates his case.